UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In the Matter of** | United States Bankruptcy Court for the District of New Jersey |
| **EARL C. BOOTH,**<br>     Debtor. | Case No. 05-42963 |
| **EARL C. BOOTH,**<br>Debtor,<br><br>          *Appellant*,<br>**v.**<br><br>**BARBARA A. EDWARDS,**<br>Chapter 7 Trustee for Earl C. Booth,<br><br>          *Appellee/Cross-Appellant.* | Civ. Action No. 08-4229  (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.     INTRODUCTION**

Before the Court are cross-appeals from several orders of the United States Bankruptcy Court for the District of New Jersey, fixing certain exemptions claimed by appellant, Earl C. Booth, in his personal Chapter 7 bankruptcy case. The orders below determined that two-thirds of certain personal injury settlement proceeds were attributed to his loss of future earnings (and were thus exempt from the bankruptcy estate), and one-third was attributed to his pain and suffering (and was thus ineligible for such an exemption). Booth and cross-appellant Barbara A. Edwards, the Chapter 7 trustee appointed to administer the bankruptcy estate, appeal on various grounds. Booth also challenges the bankruptcy court's award of fees for services provided by the Chapter 7 trustee's special counsel.

## II. APPELLATE JURISDICTION & STANDARD OF REVIEW

This Court has intermediate appellate jurisdiction to assess final orders of the United States Bankruptcy Court. 28 U.S.C. § 158(a). In doing so, it reviews *de novo* the bankruptcy court's conclusions of law, its factual findings for clear error, and its exercise of discretion (which includes the award of attorney's fees) for an abuse thereof. *See In re Top Grade Sausage, Inc.,* 227 F.3d 123, 125 (3d Cir. 2000), *overruled on other grounds by Lamie v. United States Tr.,* 540 U.S. 526 (2000); *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207, (3d Cir. 1969). In reviewing the bankruptcy court's findings of fact, this Court must "give due regard to the opportunity of [the bankruptcy] court to judge, first-hand, the credibility of the witnesses." *In re Rosen,* 208 B.R. 345, 348 (D.N.J. 1997) (quoting *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.,* 57 F.3d 1215, 1223 (3d Cir. 1995)).

## III. FACTUAL BACKGROUND & PROCEDURAL HISTORY[1]

Booth filed a Chapter 7 bankruptcy petition on September 30, 2005. On Schedule B of his petition, Booth listed his assets, which included on line 20 "possible personal injury suit for broke [sic] femur . . . ." This listing referenced Booth's pending civil action resulting from a slip and fall injury sustained on September 4, 2002. On Schedule C, Booth listed as exempt from the bankruptcy estate the following amounts expected to be derived from the personal injury action: $8,522 pursuant to 11 U.S.C. § 522(d)(5); $50,000 pursuant to 11 U.S.C. § 522(d)((11)(E); and $18,450 pursuant to 11 U.S.C. § 522(d)(11)(D). For all three entries, Booth listed their current market values as "Unknown."

---

[1] Unless specifically referenced, the undisputed background facts are taken from Booth's bankruptcy petition, the parties' briefs before this Court and the bankruptcy court, transcripts from the bankruptcy court's various proceedings, and the bankruptcy court's various orders.

The bankruptcy court appointed Edwards as trustee of Booth's bankruptcy estate on October 7, 2005.  On November 16, 2005, Edwards conducted a meeting of creditors as required by 11 U.S.C. § 341.  It is undisputed that Edwards did not file a formal objection to Booth's scheduled exemptions within 30 days of the § 341 meeting under Rule 4003 of the Federal Rules of Bankruptcy Procedure.  The bankruptcy court granted Booth a discharge under Chapter 7 of the Bankruptcy Code on January 20, 2006.

Thereafter, Booth received an offer of $75,000 to settle the pending personal injury action.  Edwards filed a formal notice of the settlement offer in the bankruptcy court on June 7, 2006, which was followed by a Certificate of No Objection to the settlement on June 28, 2006.  The bankruptcy court granted Edwards's application to retain Booth's personal injury attorney as special personal injury counsel to the trustee on October 26, 2006, and thereafter granted the attorney's request for fees in the amount of $23,000.[2]

On September 21, 2006, Edwards filed a Motion to Fix Debtor's Personal Injury Exemption.  Specifically, she requested the bankruptcy court to limit Booth's claimed exemptions to $28,675,[3] claiming that Booth could only use his available "wild-card" exemption (pursuant to 11 U.S.C. § 522(d)(5)) in the amount of $10,225, and his available personal injury exemption (pursuant to 11 U.S.C. § 522(d)(11)(D)) in the amount of $18,450.  Edwards argued that the remaining $23,325 was attributable to compensation for Booth's pain and suffering, and

---

[2] The award of these attorney's fees is not in dispute.  These fees are separate and apart from the fees awarded to Forman, Holt, Eliades, and Ravin, LLC for services performed as special counsel to the trustee, and which are now subject to the present appeal.

[3] This $28,675 is not in dispute.  Accounting for this sum and the $23,000 awarded to Booth's personal injury counsel, this dispute concerns only the proper allocation of the remaining $23,325.

was therefore ineligible for exemption under 28 U.S.C. § 522(d)(11)(D).  Booth, through counsel, opposed the motion, arguing alternatively that: (1) under *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), discussed *infra*, the bankruptcy court lacked jurisdiction to entertain Edwards's motion because Edwards had not objected to the claimed exemptions within 30 days of the § 341 conference; and (2) that in any event the remaining funds represented compensation for Booth's loss of future earnings, and were thus eligible for exemption under 11 U.S.C. § 522(d)(11)(E).  Following a preliminary hearing, the bankruptcy court ordered that the $28,675 not in dispute be turned over to Booth, and directed the parties to submit supplemental briefing.

On November 1, 2007, the bankruptcy court held a plenary hearing to resolve Edwards's motion, and announced its decision on March 27, 2008.  On the threshold issue, the court first held that despite her failure timely to object, Edwards did not waive her objection to the extent of Booth's scheduled exemption.  Noting that the Supreme Court had strictly construed Rule 4003 of the Federal Rules of Bankruptcy Procedure to preclude untimely objections to debtors' claimed exemptions, *see Taylor*, 503 U.S. at 642, the court nevertheless adopted a narrow exception to the rule articulated by the First Circuit in *Mercer v. Monzack*, 53 F.3d 1 (1st Cir. 1995).  Specifically, the court found that Edwards was not objecting to Booth's scheduled exemption *qua* exemption, but was only petitioning the court to determine whether the balance of the settlement funds did in fact reflect a loss of future earnings.  Because the court agreed with Edwards that her failure to file a timely Rule 4003(b) objection did not foreclose her ability to object to the particular characterization of the settlement proceeds, it proceeded to determine the permissibility of the Booth's claimed § 522(d)(11)(E) exemption.

On the merits, the bankruptcy court ultimately ruled that two-thirds of the balance of the $23,325 reflected a loss in Booth's future earnings, and one-third reflected pain and suffering.

4

Consequently, the court ordered that $15,550 be turned over to Booth and $7,775 be retained by the estate.[4]  Following the decision, Booth (who had opted to proceed *pro se* on February 26, 2007), wrote to the bankruptcy court requesting the court to rescind the order fixing the claimed exemptions.  When instructed to file a formal motion, Booth so moved to rescind the previous order.  The court construed the filing as both a motion to rescind/vacate and a motion for reconsideration, and denied them both.  It also entered an order awarding $5,043.27 in attorney's fees and costs to Forman, Holt, Eliades, and Ravin, LLC, for services performed as special counsel to the trustee .  Booth filed a timely notice of appeal, to which Edwards cross-appealed.

## IV.   DISCUSSION

### A.  *The Parties' Positions*

Booth premises his *pro se* appeal on several grounds.  First, he resumes his argument that the bankruptcy court lacked jurisdiction under *Taylor* to entertain the motion to fix his claimed exemptions because Edwards did not object within 30 days to the exemptions he claimed on Schedule C.  Second, he argues that the bankruptcy court lacked jurisdiction under 28 U.S.C. § 157(b)(2) because the proceeding was related to a personal injury claim, and was therefore not a core proceeding.  Third, he argues that the bankruptcy court's findings of fact were clearly erroneous because 100% of the funds in dispute were in reality allocable to a loss in future earnings, and were thus exemptible.  Finally, he argues that the bankruptcy court erred by awarding fees and costs to the trustee's special counsel.

Edwards argues that the Court should affirm the bankruptcy court's reasoning under *Mercer* that it had the authority to determine whether the balance of the settlement proceeds did

---

[4] This $15,550 was in fact turned over to Booth.  Thus, should he prevail on this appeal, he would be entitled to the remaining $7,775, plus interest.

in fact reflect a loss in Booth's future earnings. In her cross-appeal on the merits, Edwards argues that the court clearly erred by finding that any (much less than two-thirds) of the funds were allocable to such a loss in future earnings. Therefore, she seeks on behalf of the bankruptcy estate the $15,550 turned over to Booth.

### *B. Edwards's Failure to Interpose a Rule 4003(b) Objection*

Upon filing a petition for voluntary discharge under Chapter 7 of the Bankruptcy Code, all of the debtor's property becomes part of his estate in bankruptcy. 11 U.S.C. § 541. However, the Bankruptcy Code permits the debtor to prevent certain assets from becoming a part of the estate by exempting it on Schedule C; § 522(l) states that a "debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l). Rule 4003 of the Federal Rules of Bankruptcy Procedure provides the time limitation for interposing objections to any such claimed exemptions. It states in pertinent part:

> (a) Claim of Exemptions
>
> A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007. . . .
>
> (b) Objecting to a Claim of Exemptions
>
> A party in interest may file an objection to the list of property claimed as exempt *only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedule is filed, whichever is later.* The court may, for cause, extend the time for filing objections, if, before the time to object expires, a party in interest files a request for an extension. . . .
>
> (c) Burden of Proof
>
> In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly

> claimed. After hearing on notice, the court shall determine the
> issues presented by the objections. . . .

Fed. R. Bankr. P. 4003 (emphasis added). Under the rule, then, Edwards had 30 days from November 16, 2005 (the day the § 341 meeting concluded[5]) to file any objections to Booth's claimed exemptions. She did not.

In *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), the Supreme Court held that a trustee's failure to interpose an objection to a debtor's claimed exemptions precluded a later challenge, even if there was no colorable or good faith basis for the exemption in the first place. In *Taylor*, like this case, the debtor listed as exempt on Schedule C the expected proceeds from a pending pre-petition lawsuit. *Id.* at 640. The debtor listed both the exempted and market values of the asset as "Unknown." *Id.* The trustee did not object to the claimed exemption within 30 days of the conclusion of the § 341 meeting. *Id.* Soon thereafter, when the lawsuit settled for $110,000—of which $71,000 went to the debtor's attorneys—the trustee filed a complaint against the attorneys, arguing that the $71,000 was part of the bankruptcy estate. *Id.* at 641. The trustee argued, much like Edwards argues here, that Rule 4003 governs inquiries into the "validity of an exemption" only and does not "preclude judicial inquiry" into valuation. *Id.* at 643.

Rejecting that claim, the Supreme Court held that by failing to object to the claimed exemption within 30 days of the § 341 conference, the trustee forfeited his right to later challenge the exemption once the amount of the settlement came to light, even though only a

---

[5] Booth amended Schedule F by adding certain secured creditors to this petition. Booth filed no other amendment to his petition. As the Bankruptcy Court correctly noted, this amendment did not change his claimed exemptions, and thus the relevant time period began to run on November 16, 2005 at the conclusion of the § 341 conference.

small portion of the settlement proceeds could have been validly exempted. *Id.* at 642. The Court stated as follows:

> Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality. In this case, despite what respondents repeatedly told him, Taylor did not object to the claimed exemption. If Taylor did not know the value of the potential proceeds of the lawsuit, he could have sought a hearing on the issue, *see* Rule 4003(c), or he could have asked the Bankruptcy Court for an extension of time to object, *see* Rule 4003(b). Having done neither, Taylor cannot now seek to deprive [the debtor] and respondents of the exemption.

*Taylor*, 503 U.S. at 644.

The courts of appeals have construed the import of *Taylor* differently under varying iterations of factual scenarios. As a general proposition, the courts have found that the Rule 4003(b) time bar is jurisdictional and must be rigidly applied. *See, e.g.*, *Rogers v. Laurain*, 113 F.3d 595, 597 (6th Cir. 1997); *Stoulig v. Traina*, 45 F.3d 957 (5th Cir. 1995); *In re Salzer*, 52 F.3d 708, 711 (7th Cir. 1995); *FDIC v. Coones*, 996 F.2d 250, 251 (10th Cir. 1993); *see also 4 Collier on Bankruptcy*, ¶ 522.05[2][a] (15th ed. rev. 1997) (collecting cases). The courts' agreement diverges when the issue becomes whether (or when) the time bar applies where a debtor claims an exemption to which he is facially entitled, but the trustee later argues that the property listed in reality does not fit the statutory exemption claimed. Discussed below are several cases in which courts have pondered the issues now presented.

In *Mercer v. Monzack*, 53 F.3d 1 (1st Cir. 1995), the First Circuit carved out an exception to *Taylor* where the trustee, as here, argued that settlement proceeds scheduled by the debtor as exempt did not actually fall under the particular exemptive subsection listed. *Mercer*, 53 F.3d at 3-4. There, the debtor listed as exempt on his bankruptcy petition a then-pending personal injury suit; except for $7,500 specifically exempted under 11 U.S.C. § 522(d)(11)(D) (which was not in

8

dispute), the debtor listed disability and loss of future earnings exemptions under 11 U.S.C. §§ 522(d)(10)(C) and 522(d)(11)(E) only in the amounts of "100%." *Id.* at 1-2 & n.1. Unlike Booth, the debtor listed a precise market value of the personal injury action of $40,000. *Id.* When the lawsuit ultimately settled for $50,000, the debtor claimed that he had exempted the entire amount of the settlement proceeds by claiming 100% as exempt under §§ 522 (d)(10)(C) and 522(d)(11)(E). *Id.* at 2. The trustee responded that he had not filed a Rule 4003(b) objection to the claimed exemptions because they were facially valid, and "[c]onsequently, it remained for the bankruptcy court to determine whether the $42,500 in dispute did, in fact, constitute compensation for disability and/or lost future earnings." *Id.* The court agreed, reasoning that "a Rule 4003(b) objection is not required unless the exemption claim, as was the case in *Taylor* . . . raises a 'red flag'; that is, unless the exemption claim includes *unambiguous* language indicating that the debtor is asserting an exemption claim which would exceed the maximum statutory allowance." *Id.* (quoting *Mercer* v. *Monzack*, 158 B.R. 886, 888 (Bankr. D.R.I. 1993)) (emphasis in original). It thus held that "*Taylor* did not preclude its assertion of jurisdiction to determine whether the settlement fund represented compensation for disability or lost future earnings." *Id.* (quoting *Mercer*, 158 Bankr. at 888).

In "complete agreement" with the court, the First Circuit affirmed, writing only to "illustrate that Taylor in no sense suggests that the bankruptcy court is divested of jurisdiction to hear and determine . . . whether the 'property of the estate' *actually in dispute* was listed as exempt . . . thereby triggering the 30-day limitation under Rule 4003(b)." *Id.* (quoting § 522(l)) (emphasis in original). Distinguishing between an objection to the permissibility of claimed exemptions on the one hand, and whether exempted property actually falls within the statutory section listed on the other, the court reasoned as follows:

9

> The "property of the estate" plainly listed as exempt in *Taylor . . . though not of a kind entitled to exemption* under [11 U.S.C.] § 522(d) nonetheless became exempt by operation of law, as explicitly provided in § 522(l), in the absence of a timely Rule 4003(b) objection to the unambiguous exemption claim . . . . Nothing in *Taylor* intimates that "property of the estate" *not* plainly listed in [the exemptions schedule] nonetheless *becomes exempt* by operation of law under § 522(l). Thus, it remained for the bankruptcy court to determine whether the "property of the estate" actually in dispute became exempt by operation of law as Mercer maintained, or remained subject to administration for the benefit of creditors as the chapter 7 trustee contended. . . .
>
> [I]n a giant interpretive leap beyond *Taylor*, Mercer asks us to assume that the amount in dispute became exempt by operation of law under § 522(l) notwithstanding the uncontested finding that it is *not* compensation for a disability or lost future earnings. . . .
>
> True, *Taylor* requires that we interpret and apply § 522(l) and Bankruptcy Rule 4003(b) according to their literal intendment. But § 522(l) neither states nor implies that property of the estate *becomes property of the kind* the debtor describes on [the exemption schedule]. Rather, as the Court recognized in *Taylor*, absent a timely Rule 4003(b) [objection], property of the estate plainly listed on [the exemption schedule] *becomes exempt* by operation of law under § 522(l) *without regard to whether it is property of the kind entitled to exemption* under §522(d). . . .
>
> Neither *Taylor*, the Code, nor the Rules of Bankruptcy Procedure require parties in interest to interpose Rule 4003(b) objections to [exemption] claims in order to preserve their right to invoke the summary jurisdiction of the bankruptcy court to determine whether property of the estate became exempt by operation of law. What parties in interest may not do, however, is let the limitation period for objections under Rule 4003(b) expire, then enlist the jurisdiction of the court in an effort to set aside an exemption allowed by operation of law in property of the estate under § 522(l) simply because the property listed as exempt would not have been entitled to exemption under § 522(d) but for their failure to object pursuant to Rule 4003(b).

*Id.* at 3-4 (emphasis in original).

Relying on *Mercer* and a factually similar case within the Third Circuit, *see In re Kelin*, 341 B.R. 521 (Bankr. W.D. Pa. 2006), the bankruptcy court found that Edwards was not

10

objecting to the permissibility of Booth's claimed exemptions, but was merely "seeking a determination as to whether the settlement proceeds are of the kind that the Debtor has exempted according to the various sub-parts of Section 522(d)." Tr. of Motion Decision, Mar. 27, 2008, at 21:4-7.[6]

While it appears that at least one additional bankruptcy court within the Third Circuit has adopted *Mercer*'s reasoning, *see Pope v. Clark*, 274 B.R. 127 (Bankr. W.D. Pa. 2002)[7], the case has also been criticized as being too literal:

> To the extent that the *Mercer* court held that the debtor had not adequately given notice of an intent to exempt all of the personal injury claim, its decision is very questionable. Once the trustee was on notice that the debtor had a personal injury claim and intended to claim 100% of his settlement as exempt, the trustee should have objected within the time allowed by the rules if he questioned the exemption. If the debtor had placed a value of "unknown" on the settlement, as did the debtor in *Taylor*, he presumably could have succeeded in claiming any portion that was not exemptible under other provisions. The ability to exempt property should not depend on fine points of listing property on the schedules. Normally, if a debtor lists an asset as having a particular value, the schedules should be read as a claim of exemption for the entire asset, to which the trustee should object if the trustee believes the asset has been undervalued. In any event, the lesson of *Mercer* may be that a debtor who wishes to exempt all of an asset and who does not know the value of the asset should claim as exempt the debtor's entire interest in the asset and list its value as unknown.

4 *Collier on Bankruptcy* ¶ 522.05[2][a] (15th ed. rev. 1997); *see also Hovis v. Wiggins*, 220 B.R. 262, 268-69 (Bankr. D.S.C. 1998) (noting criticism of *Mercer* and adhering to *Taylor*); *N. Am.*

---

[6] Though cited by neither Edwards nor the bankruptcy court, this Court notes that the Fourth Circuit appears to have crafted an exception similar to *Mercer*'s. *See Williams v. Peyton*, 104 F.3d 688, 689 (4th Cir. 1997).

[7] The specific holding in *Pope*, distinct from the issue now before the Court (see *infra*), has since been overruled by the Third Circuit's decision in *In re Reilly,* 534 F.3d 173 (3d Cir. 2008), *cert. granted*, 2009 U.S. LEXIS 3246 (Apr. 27, 2009). *See infra*.

*Savings Bank v. Downing*, Adv. No. 04-5161, 2005 Bankr. LEXIS 1161, at * 6-9 (Bankr. D. Ka. June 13, 2005) (rejecting indirect attack on claimed exemption asserted after 30-day time limit had expired). Further (and more pointed) criticism comes from the Bankruptcy Court for the Eastern District of Texas; in a case nearly identical to this one, the court, before distinguishing *Mercer* on its facts, criticized its underlying reasoning:

> The *Mercer* decision is a troubling one because, in a concerted effort to absolve the case trustee from the consequences of his failure to abide by [Rule] 4003(b), it seriously undermines the process invoked by that rule through which the validity of an exemption claim is determined, including the evidentiary burden relating thereto. Rule 4003(b) is not complicated. It provides two options to a party in interest contemplating an objection to a debtor's claim of exemptions. A party in interest can file either an exemption objection within thirty days after the conclusion of the § 341(a) meeting of creditors, or it can file a request for an extension of the objection period before the expiration of that period. Therefore, when a trustee is placed in a position in which an evaluation of the legitimacy of a particular exemption claim is somehow hampered, Rule 4003(b) does not compel a futile action. It authorizes a request for an extension of the objection period. The sufficiency and significance of this intended process are recognized and buttressed by [Rule] 9006(b)(3) which specifically precludes a court from enlarging the time for taking action under Rule 4003(b) except "to the extent and under the conditions stated" in such rule. To substitute a different process at a different time with an inverse burden of proof is not only questionable, but unnecessary. If a trustee acts prudently in the light of the options offered by Rule 4003(b), the *Mercer* gambit becomes unnecessary.

*In re Harrington*, 306 B.R. 172, 179-80 (Bankr. E.D. Tex. 2003). In a footnote, the court then detailed a preferable solution where, as here, the pending litigation had not yet been settled at the time the 30-day objection window closed:

> For circumstances involving pending litigation that has not yet been settled or concluded, requesting an extension of time seems highly preferable to the approach endorsed by *Mercer*. What length of extension would be appropriate? In order to avoid the necessity of successive motions, an extension for a period of thirty (30) days after the earlier of: (1) the filing of any motion by the trustee to approve a compromise or settlement of the cause of

12

> action to which the debtor's exemption claim related; or (2) the entry of any final judgment in such cause of action would seem appropriate.

*Id.* at 181 n.15.

This examination and ultimate rejection of *Mercer* is instructive in deciding the instant case. *Mercer* arises out of similar facts, and the Court accepts that an objection to the permissibility of a claimed exemption and a request to determine whether property of the estate is in fact property of the kind claimed as exempt are discrete topics. Ultimately, though, the Court concludes that the distinction is one without a difference. The uber-literal reasoning in *Mercer* permits an end-run around the strict jurisdictional bar set forth in Rule 4003(b) and solidified in *Taylor*. Edwards's "petition" to the bankruptcy court requesting it to determine whether the settlement proceeds reflected a loss in future earnings was, in sum and substance, an untimely objection to Booth's claimed exemptions; after all, she ultimately seeks to disallow in part Booth's claimed exemption. It is casuistry to predicate Rule 4003(b)'s applicability on whether a debtor lists a precise value for a pending claim or, as Booth did, lists the market value of the claim as "Unknown." Finally, Rule 4003 affords a trustee sufficient protection when the trustee is unable to determine whether the property claimed as exempt fits within the cited statutory exemption: the trustee can request either an extension of time to object pursuant to subsection (b), or a hearing pursuant to subsection (c). A fair reading of § 522(l), Rule 4003(b), and *Taylor* requires a timely objection where the proper categorization—not merely the facial permissibility—of a claimed exemption is in doubt.

In any event, even utilizing *Mercer*'s reasoning, Booth correctly argued below that by listing the value of his claim as "Unknown," he raised a "red flag" that put Edwards on notice of Booth's potential misapplication of 11 U.S.C. § 522(d)(11)(E). In *Barroso-Herrans v. Lugo-*

13

*Mender*, 524 F.3d 341 (1st Cir. 2008)—a case decided after the bankruptcy court's decision—the First Circuit reaffirmed its holding in *Mercer,* but explicitly stated that listing a pending claim's value as "unknown" constitutes such a "red flag" that triggers the Rule 4003(b) clock. In that case the debtor listed pending lawsuits at market values of $4,000, and listed exemptions for those claims in the same amounts. 524 F.3d at 343. Rejecting the debtor's argument that he had intended to exempt the entire value of the claim not just $4,000, the First Circuit stated:

> [A]s we have earlier recognized, *Taylor* does not tell us *what* has been claimed as exempt--only that *whatever* has been claimed as exempt is beyond the estate's grasp once the deadline has elapsed. *Mercer* v. *Monzack*, 53 F.3d 1, 3 (1st Cir. 1995), *cert. denied*, 517 U.S. 1103 (1996). In this case the focus is on the "threshold question . . . whether the property in dispute is *in fact* the property of the estate listed as exempt." *Id.* Only if the exemptions claimed the full proceeds of both lawsuits, rather than a $ 4,000 share in each, does *Taylor* apply.

*Barroso-Herrans*, 524 F.3d at 344 (emphasis in original). Distinguishing the case where the debtor lists the market value of the property as "unknown"—exactly what Booth did here—the court then stated:

> *Had Barroso listed the value of the suits as "unknown"—as the debtor did in Taylor—or used a nominal sum like $1 as a placeholder, he would have a much stronger argument.* "Use of terms like '100% [of the property's value],' *'unknown,'* 'to be determined,' 'tba,' and '$1.00' *are red flags to trustees and creditors,*" 1 Collier on Bankruptcy ¶ 8.06(1)(c)(ii) (15th ed. rev. 2007), *and therefore put them on notice that if they do not object, the whole value of the asset—whatever it might later turn out to be—will be exempt*. But Barroso used none of these "red flag" terms. In their absence and given the much higher valuations of the accounts receivable, the trustee might reasonably assume that the $4,000 figure reflected not the expected value of the full law[-]suit but rather the face value of a $4,000 interest in the suit's proceeds. After all, the schedules did not contain any explicit indication that expected value calculations were being employed.

14

*Id.* at 345 (emphasis added). *Barroso-Herrans* takes this case outside the First Circuit's narrow exception to *Taylor*. Booth's Schedule C put Edwards on notice that if she did not object, the entire asset—whether statutorily exemptible as a loss in future earnings or not—became exempt by virtue of § 522(l).

The Third Circuit has not yet had occasion to address *Mercer* or facts identical to it, but its recent decision in *In re Reilly*, 534 F.3d 173 (3d Cir. 2008), *cert. granted*, 2009 U.S. LEXIS 3246 (U.S. Apr. 27, 2009) (also decided after the bankruptcy court's decision), fortifies the Court's ultimate conclusion that *Taylor* controls here.[8] The debtor in *Reilly* had claimed on Schedule C certain business property with an exemption amount of $10,718 (under 11 U.S.C. § 522(d)(6)) and an identical market value of $10,718. *Reilly*, 534 F.3d at 174. After the time to object to the debtor's scheduled exemptions had passed, the trustee had the property appraised, and learned that its value was actually $17,200. *Id.* He then filed a motion to sell the property and recoup for the bankruptcy estate the difference in the actual value of the property and the value claimed as exempt. *Id.* The district court denied the motion, finding that *Taylor* required the entire value of the property to be exempted as a result of the trustee's failure timely to object. *Id.* at 174-75.

On appeal, the trustee argued that "he was not required to file a timely objection because he was not objecting to the propriety of Reilly taking the exemption as such; rather, his objection goes to the value of the property claimed as exempt." *Id.* at 176. In other words, the trustee asserted that "*Taylor* is not applicable . . . because [the debtor's] exemption was not objectionable on its face," and that because "the amount of the exemption that [the debtor]

---

[8] While *Reilly* is now before the United States Supreme Court on a writ of certiorari to the Third Circuit, it presently remains binding (and persuasive) on this Court.

claimed—$10,718—was proper . . . [he] could not have made a valid objection under 11 U.S.C. § 522(*l*) to th[e] exemption." *Id.* at 177-78.  The trustee further argued that he "intend[ed] to pay [the debtor] her exemption from the proceeds of the business equipment[, and] [t]hus . . . *Taylor* simply does not address whether a debtor's valuation of property becomes conclusive in the absence of a timely objection pursuant to 11 U.S.C. § 522(l) and Rule 4003(b)." *Id.*  The Third Circuit disagreed, finding the argument to be incompatible with *Taylor*.  *Id.* at 178.  It held that where a "debtor indicates the intent to exempt her entire interest in a given property by claiming an exemption of its full value and the trustee does not object in a timely manner . . . the debtor is entitled to the property in its entirety."  *Id.* at 174.  In arriving at its conclusion, the Third Circuit parted company with those courts of appeals that have held that when a debtor values exempted property in the same amount as the claimed exemption, the ultimate allowable exemption is limited to the amount claimed on Schedule C.  *Id.* at 178-80 (comparing its facts to *Allen v. Green,* 31 F.3d 1098 (11th Cir. 1994), *and Olson v. Anderson,* 377 B.R. 865 (6th Cir. B.A.P. 2007), and distinguishing from *Stroebner v. Wick,* 276 F.3d 412 (8th Cir. 2002), *and Hyman v. Plotkin,* 967 F.2d 1316 (9th Cir. 1992)).

While the valuation issues presented in *Reilly*, *Allen*, *Olson*, and *Hyman* are not squarely on point with the "in kind" objection the Court faces here, the underlying reasoning in *Reilly* and *Taylor*—that Rule 4003 provides the exclusive mechanism for challenging a claimed exemption—compels an identical outcome.  Edwards argues that because Booth's claimed loss of future earnings exemption was facially valid, she faced a Hobson's choice of waiving a Rule 4003(b) objection or facing the ire of the bankruptcy judge for interposing frivolous objections.  Like the panel in *Reilly*, the Court rejects this argument.  As discussed above, Edwards was presented with a facially valid—yet uncertainly valued—exemption claim.  Booth's valuation of

16

the personal injury claim as "Unknown" thus raised a red flag, alerting Edwards both of the possible misapplication of 11 U.S.C. § 522(d)(11)(E) and Booth's intention to exempt the entirety of the settlement proceeds.  Rule 4003(b) obligated the trustee to file an objection to the claim within 30 days of the § 431 hearing.  As was the case in *Taylor*, if Edwards was uncertain of the potential allocation of the settlement proceeds, she could have requested an evidentiary hearing to determine whether any settlement proceeds would be attributed to a loss in future earnings, or requested an extension to the objection deadline until such details could be ascertained.  She did neither.  These are the options provided by the statutory scheme, and Edwards cannot now complain for having neglected to invoke them.  The Court holds that by failing timely to object to Booth's claimed exemptions under 11 U.S.C. § 522(d)(11)(E), Edwards forfeited her right to later challenge such an objection upon learning that the settlement proceeds may not have reflected a loss in future earnings.

For all of these reasons, Booth is entitled to the remaining balance of the settlement proceeds because they are exempt from his bankruptcy estate.

### *C. Fees*

As stated above, the bankruptcy court awarded $5,043.27. in attorney's fees and costs to counsel for services performed in connection with the plenary hearing and for other administrative fees.  *See* Tr. of Motion Decision, June 17, 2008, at 29:9-32:21 (describing counsel's services and citing *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973); *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir. 1976); and *In re Busy Beaver Bldg. Ctrs.*, 19 F.3d 833 (3d Cir. 1994)).  In support of its fee application, counsel submitted an itemized billing statement describing the services performed, which equated to a "time value of $19,405."  *Id.* at 28:23-

29:1. The firm agreed to reduce its application to $4,000, plus cost disbursements from the estate in the amount of $1,043.27. *Id.* at 29:1-6. Booth did not file an objection to the itemized billing statement, and the bankruptcy court accepted it as reasonable under the circumstances. After review, and particularly given the significantly decreased fee request, this Court sees no abuse of discretion in the bankruptcy court's award of fees.

As a practical matter, however, the Court recognizes that as a consequence of its decision today, there may be little or no funds left in the bankruptcy estate with which to pay the fee award. *See id.* at 22:1-19. To the extent that the information now available to this Court is incomplete or has changed in the interim, the Court will remand the case to the bankruptcy court for further proceedings consistent with this Opinion.

## V. CONCLUSION

For the reasons discussed above, the Court will vacate the order of the bankruptcy court fixing the exemptions claimed by Booth insofar is it determined that a portion of the remaining settlement balance remained in the bankruptcy estate. Booth is entitled to the remaining balance of the settlement proceeds—$7,775, plus interest—by operation of 11 U.S.C. § 522(l) and Fed. R. Bankr. Proc. 4003(b).

For the same reasons, the Court dismisses Edwards's appeal as moot. It also affirms the bankruptcy court's award of attorney's fees and costs. The matter is remanded for further proceedings consistent with the foregoing.

An appropriate order will issue.

/s/ Katharine S. Hayden

Hon. Katharine S. Hayden
United States District Judge